**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------- :
                        :
JEANETTE GALVANEK,         :
                        :     Civil Action No.: 07-CV-2759(FLW)
          Plaintiff,      :
                        :           **OPINION**
      v.                   :
                        :
AT&T, INC.,              :
                        :
          Defendants.    :
---------------------------------------------------------- :

**WOLFSON**, **United States District Judge**:

      Presently before the Court is a Motion to Remand by Plaintiff, Jeanette Galvanek ("Galvanek"), based upon the alleged untimeliness of the removal petition and that there is no basis for federal jurisdiction. For the reasons set forth below, Plaintiff's Motion is denied.

**I. Background and Procedural History**

      This case involves a dispute over the disability benefits allegedly owed by Defendant, AT&T, to Galvanek, a former senior executive of AT&T. Plaintiff's Brief in Support of Motion to Remand ("Plaintiff's Brief"), 3-6.  From December 1997 through January 2007, Galvanek received monthly payments in accordance with AT&T's Long Term Disability Plan for Management Employees. Id., 3.  In or around February 2007, AT&T stopped paying benefits to Galvanek because she allegedly refused to provide all of the information requested by the Claims Administrator, resulting in the present lawsuit. Id., 4.

1

Because the central issue raised by Galvanek is the timeliness of AT&T's notice of removal, it is necessary to relate the procedural history of the case in some detail. On March 9, 2007, Galvanek provided AT&T with a draft complaint, asserting that it would be filed if Galvanek's benefits were not continued. Feher Certification, Exhibit D. On March 19, 2007, Galvanek filed the Complaint, captioned Jeanette Galvanek v. AT&T, Inc., Docket No. L-189-07, in the Superior Court of New Jersey, Law Division, Hunterdon County. Id., Exhibit E. Additionally, on the same day, Galvanek filed an Order to Show Cause in the Superior Court, seeking to compel AT&T to continue her disability benefits. Kramer Certification, Exhibit A. On March 20, 2007, The Honorable Stephen B. Rubin, J.S.C., conducted a hearing on the Order to Show Cause, in which Judith Kramer, Esq., in-house counsel for AT&T, participated by telephone. Kramer Certification, ¶2.  Ms. Kramer advised that the Claims Administrator intended to pay Galvanek's benefits for the month of March, while an inquiry into her continuing eligibility was completed. As such, Judge Rubin denied the Order to Show Cause. Feher Certification, Exhibit A; Plaintiff's Brief, 2.

At this point, the Hunterdon County Superior Court Clerk's Office apparently dismissed the Complaint by mistake due to clerical error. Plaintiff's Brief, 2; Affidavit of Counsel, Exhibit L. The Superior Court docket indicates that, as of April 5, 2007, the case was still dismissed without prejudice. Kramer Certification, Exhibit B.

On March 28, 2007, counsel for Galvanek forwarded a copy of the filed Complaint to Judith Kramer and requested that AT&T accept service. Kramer Certification, Exhibit C. Kramer contends that after checking with both the Clerk of the Superior Court and Judge Rubin's chambers, as well as having outside counsel check the

2

docket, all sources confirmed that the case was indeed dismissed without prejudice. Kramer Certification, ¶5. AT&T declined to accept service. Id., at ¶6. As of August 16, 2007, the docket of the Superior Court does not indicate that AT&T has been formally served with process. Feher Certification, Exhibit F. Moreover, Galvanek does not state in her briefing that AT&T received a summons after it declined to accept service in response to the March 28, 2007 letter.

On April 26, 2007, Galvanek advised counsel for AT&T of the clerk's alleged reinstatement of the Complaint and wrote her to memorialize the conversation. Plaintiff's Brief, 2. Although Galvanek claims that the Complaint was re-instated after Galvanek's counsel contacted the Clerk's office, Id., the Superior Court docket indicates that the case was dismissed without prejudice through August 16, 2007, Feher Certification, Exhibit F, and Galvanek provides no evidence that the Complaint was in fact re-instated at that time.

On May 31, 2007, Galvanek filed a second Order to Show Cause in the Superior Court, again seeking to compel AT&T to continue paying disability benefits to Galvanek. On June 4, 2007, Judge Rubin sent the signed Order to Show Cause to AT&T. Kramer Certification, Exhibit E. AT&T filed a Notice of Removal on June 12, 2007. Plaintiff's Brief, 2; Feher Certification, ¶10.

**II. Discussion**

**1. Timeliness of the Notice of Removal**

Under the general federal removal statutes, an action brought in state court can be removed by defendants to the federal district court encompassing the state court if that federal district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Section

1441(a) provides that "[e]xcept as otherwise expressly provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

To properly remove a case from state to federal court pursuant to section 1446(a), a defendant must file "a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served." 28 U.S.C. § 1446(a). The party seeking removal bears the burden of establishing that the notice of removal was filed in a timely manner. Rosebud Holding LLC v. Burks, 995 F.Supp. 465, 467 (D.N.J 1998). Section 1446 provides a thirty day limitations period for removal, 28 U.S.C. § 1446(b), and it is well-established that the thirty day period for removal is mandatory and cannot be extended by the court. Balestrieri v. Bell Asbestos Mines, Ltd., 544 F.Supp. 528, 529 (E.D.Pa.1982); Typh, Inc. v. Typhoon Fence of Penn., Inc., 461 F.Supp. 994, 996 (E.D.Pa.1978); Northern Ill. Gas Co. v. Airco Indus. Gases Div. of Airco Inc., 676 F.2d 270, 273 (7th Cir.1982); Courtney v. Benedetto, 627 F.Supp. 523, 527 (M.D.La.1986). Indeed, courts are required to construe removal statutes strictly and resolve all doubts in favor of remand. Shamrock Oil & Gas Corp., v. Sheets, 313 U.S. 100 (1941); Yorker v. Manalapan Police Dept., 2005 WL 1429879 *2 (D.N.J. June 17, 2005). A case may be remanded to state court on the ground of a defect in the removal procedure, 28 U.S.C. § 1447(c), including a failure to file a notice of removal within the thirty day limitations period. Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1212-14 (3d Cir.1991); Capone v. Harris Corp., 694 F.Supp. 111, 112

4

(E.D.Pa.1988)("The thirty day period is mandatory and cannot be extended by the Court."); Blow v. Liberty Travel, Inc., 550 F.Supp. 375, 375-76 (E.D.Pa.1982)

The statute governing the limitations period for removal, 28 U.S.C. § 1446(b), reads in relevant part: removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." In Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), the Supreme Court clarified the meaning of "through service or otherwise." The Court held that formal service is required before the 30-day period for removal begins to run: "[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from the service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., 526 U.S. at 347-48. In other words, the mere receipt of a complaint, absent formal service of process, does not trigger the 30-day limit in § 1446(b). Further, the Court's interpretation of § 1446(b) was informed by the fundamental principle that an "individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Id. at 347. See also Polanco v. Coneqtec Universal, 474 F.Supp.2d 735, 737 (2007) ([In Murphy Bros.,] "[t]he Supreme Court held that under § 1446(b) the thirty day removal period can never begin to run until the defendants have been formally served with process.")

Galvanek first argues that AT&T's period for removal began on March 16, 2007, the day that Galvanek alleges that "the Complaint was served upon AT&T." Plaintiff's Brief, 7. Galvanek sent a draft complaint to AT&T on March 9, 2007 and filed the

5

Complaint and an Order to Show Cause with the Superior Court of New Jersey on March 19, 2007. It is a matter of dispute whether AT&T received a copy of the filed complaint at this point. Compare Plaintiff's Brief, 2 ("The Complaint was served upon AT&T on March 16, 2007."), with Kramer Certification, ¶4 (March 28, 2007 "was the first time AT&T received a copy of the filed complaint by service or otherwise.") But it is clear that AT&T was not yet subject to formal service of process. In fact, even as of August 16, 2007, the Superior Court docket does not indicate that AT&T ever received a summons. Feher Certification, Exhibit F. The absence of service to this point is confirmed by the fact that, on March 28, 2007, Plaintiff's counsel forwarded a copy of the filed Complaint to AT&T, requesting that AT&T accept service.

Given the Supreme Court's interpretation of U.S.C. § 1446(b) in Murphy Bros., none of the following actions started the period for removal:  (i) sending a draft of the unfiled Complaint to AT&T in-house counsel on March 9, 2007; (ii) the alleged delivery of the filed Complaint to AT&T on March 16, 2007; or (iii) sending a copy of the filed Complaint to AT&T in-house counsel on March 28, 2007. The clock cannot be started by "mere receipt of the complaint unattended by any formal service." Murphy Bros., 526 U.S. at 348. Further, with respect to § 1446(b), the participation by AT&T's counsel in the Show Cause Hearing is no substitute for the formal service of process. If that were the case, Galvanek would not have contacted AT&T after the hearing to request that AT&T accept service. The fact that ATT was "on notice" of the nature of the claims from the draft complaint, the Show Cause Hearing, and delivery of the filed complaint does not change the bedrock principle that "a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."

6

Id. at 347.

Galvanek next argues that, even if the time period for AT&T to file a notice of removal did not start on March 16, 2007, it should have started on April 26, 2007, the date that AT&T was notified by Galvanek that the lawsuit had allegedly been reinstated. This argument fails for two reasons. First, Murphy Bros. makes clear that mere "notice" of an action, whether in the form of a courtesy copy of a complaint or the representations of counsel, cannot start the period to file a notice of removal without formal service of process. Whatever the status of the lawsuit may have been on April 26, 2007, the period for removal did not start running at that time because AT&T had not been formally served with process. Though Galvanek requested that AT&T accept service of process in the March 28 letter, AT&T did not accept; and again, the Superior Court docket indicates that no summons has been served on AT&T through August 16, 2007. Feher Certification, Exhibit F. "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint . . . *after* and apart from the service of the summons." Murphy Bros., 526 U.S. at 347-48 (emphasis added).[1]

The second reason why Galvanek's communications with AT&T did not start the period for removal is that the Superior Court docket reflects that the case was dismissed without prejudice at the time, indeed, through at least August 16, 2007. Feher

---

[1] Galvanek cites a string of cases for the proposition that, "even if a defendant receives a copy of the initial pleading through service which does not follow state law," as appears to be the case here, "the removal period nevertheless commences." Plaintiff's Brief, 10. These cases were all decided prior to Murphy Bros., and one of them, Mitchetti Pipe Strining, Inc. v. Murphy Bros., Inc., 125 F.3d 1396, 1398 (11th Cir. 1997), was reversed and remanded by the Supreme Court because the Court found the above proposition to be incorrect.

Certification, Exhibit F. The status of the case on April 26, 2007 was confirmed by AT&T's calls to Judge Rubin's chambers and the Clerk's office. Kramer Certification, ¶ 5.  Moreover, Judge Rubin did not state on the record that the case was dismissed in error until June 14, 2007, Affidavit of Counsel, Exhibit L, and in any event, that does not mean that the case was not in fact dismissed as of April 26, 2007. "[A] dismissal without prejudice leaves a plaintiff whose action has been dismissed in the same position as if the action had never been filed." Arrow Drilling Co., Inc., v. Carpenter, 2004 WL 887399 *1 n.1. See also 9 Wright and Miller, Fed. Prac. & Proc. Civ. 2d § 2367, 319 (2007) ("A voluntary dismissal without prejudice leaves the situation as if the action never had been filed. After the dismissal, the action no longer is pending in the court and no further proceedings in the action are proper."); Price v. American Cyanamid Co., et al., 2004 U.S. Dist. LEXIS 23507 *9 ("Indeed, a federal court judge might justifiably look askance at the removal of a case that had been previously dismissed in state court.")

AT&T should not have to take Galvanek's word for the fact that the case had been reinstated when such representations are contradicted by the Superior Court's docket as well as alleged conversations with the clerk's office and chambers. Moreover, Galvanek could have taken action to ensure that the case was properly reinstated. For example, she could have refiled the Complaint or requested an order reinstating the case from Judge Rubin. She did neither. Thus, at the time that AT&T was put "on notice" of the alleged reinstatement on April 26, 2007, AT&T reasonably believed that there was no "civil action or proceeding" within the meaning of § 1446(b) to remove.

Thus, contrary to Galvanek's assertions, AT&T's period for removal was not triggered on March 16, 2007 or April 26, 2007. It may be arguable that the § 1446(b)

time limitation never began to run because AT&T was never subject to formal service of process. But the Court need not reach that issue because AT&T prudently filed a notice of removal within thirty days of June 4, 2007, the day that Judge Rubin apparently "re-activated" the case by signing the second Order to Show Cause, which Galvanek sent to AT&T on the same day. Thus, AT&T has met the limitations period of § 1446(b) and its notice of removal was timely.

### 2. AT&T's ERISA Summary Description Plan

Galvanek also argues that this Court should not exercise federal jurisdiction over this matter based upon language in the ERISA Summary Description Plan ("SDP") in AT&T's Long Term Disability Plan. Specifically, Galvanek contends that the SDP contains a forum selection clause, which entitles her to pursue her claim for benefits under ERISA in state court, and that upon that election, AT&T may not remove the case here. This argument lacks merit.

ERISA provides that the "summary plan description shall contain the . . . remedies available under the plan for the redress of claims which are denied in whole or in part." See 29 U.S.C. § 1022(b). The pertinent language from the AT&T's SPD is as follows: "[u]nder ERISA, there are steps you can take to enforce the above rights . . . If you have a claim for benefits that is denied or ignored in whole or in part, you may file suit in state or federal court." Affidavit of Counsel, Exhibit C, 29-30. As AT&T points out, this is taken verbatim from the model statement of SPD language required under ERISA. 29 C.F.R. § 2520.102-3(t)(2).

9

In <u>Cruthis v. Metropolitan</u>, 356 F.3d 816 (7th Cir. 2004), the Seventh Circuit interpreted the same language--"you may file suit in state or federal court"-- to be "a disclosure of applicable law rather than a substantive contract provision." <u>Cruthis</u>, 356 F.3d at 819. Were it otherwise, "it would result in the virtual elimination of removal in ERISA cases because every employer covered by ERISA is required to make such a disclosure." <u>Id.</u> Finally, the court held that the "the language in the disclosure statement does not compel a finding of waiver. The right to file suit in a particular forum is not equivalent to the right to avoid removal from that forum." <u>Id.</u> This Court has previously followed the same logic when construing an ERISA SPD. <u>See</u> <u>Evans v. Employee Benefit Plan</u>, 2007 WL 2212607 *11 (D.N.J.) ("While the 'Statement of ERISA Rights' section states that participants have the right to have the 'Plan administrator review and reconsider your claim,' that statement is part of a section required by federal law that attempts to summarize certain rights and protections available under ERISA, not to summarize the operative terms of the Plan at issue.") In this case, as in <u>Evans</u>, there "is no evidence that the Statement of ERISA Rights in the SPD at issue was anything more than a 'disclosure of applicable law rather than a substantive contract provision.'" <u>Evans</u>, 2007 WL 2212607 at *12 (citation omitted). Thus, the SPD's statement that "you may file suit in state or federal court" is not a forum selection clause and does not preclude AT&T's removal to federal court.

**III. Conclusion**

For the reasons set forth above, Galvanek's Motion to Remand is denied. An appropriate Order will follow.

10

Dated: November 5, 2007                              /s/ Freda L. Wolfson
                                                    Honorable Freda L. Wolfson
                                                    United States District Judge